1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   NATHANIEL REESE,                          Case No.: 1:24-cv-00401-CDB (PC)

12                  Plaintiff,                  ORDER REFERRING CASE TO POST-
                                                SCREENING ADR AND STAYING CASE
13        v.                                    FOR 120 DAYS

14   H. AGBAYANI,                               **45-DAY DEADLINE**

15                  Defendant.

16

17        Plaintiff Nathaniel Reese ("Plaintiff") is a state prisoner proceeding pro se and *in forma*

18   *pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (Docs. 1, 7, 10). As set

19   forth in its screening order, the Court has found that Plaintiff states at least one cognizable claim

20   for relief. (Docs. 10, 13). On October 17, 2025, Defendant H. Agbayani filed an answer to the first

21   amended complaint. (Doc. 18).

22        The Court refers all civil rights cases filed by pro se inmates to Alternative Dispute

23   Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively. In

24   appropriate cases, defense counsel from the California Attorney General's Office have agreed to

25   participate in ADR. No claims, defenses, or objections are waived by the parties' participation.

26        The Court, therefore, STAYS this action for 120 days to allow the parties to investigate

27   Plaintiff's claims, meet and confer, and participate in early settlement conference. The Court

28   presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a

settlement conference.  However, if, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

**Conclusion and Order**

For the foregoing reasons, the Court HEREBY ORDERS:

1.  This action is **STAYED for 120 days** to allow the parties an opportunity to settle their dispute before the discovery process begins.  No pleadings or motions may be filed in this case during the stay.  The parties shall not engage in formal discovery, but they may engage in informal discovery to prepare for the settlement conference.

2.  **Within 45 days** from the date of this order, the parties SHALL file the attached notice, indicating their agreement to proceed to an early settlement conference on their belief that settlement is not achievable at this time.

3.  **Within 60 days** from the date of this order, the assigned Deputy Attorney General Shall contact the undersigned's Courtroom Deputy Clerk at cboren@caed.uscourts.gov to schedule the settlement conference, assuming the parties agree to participate in an early settlement conference.

4.  If the parties reach a settlement during the stay of this action, they SHALL file a Notice of Settlement as required by Local Rule 160.

5.  The Clerk of the Court SHALL serve via email copies of Plaintiff's operative first amended complaint (Doc. 10), the Court's screening order (Doc. 13), and this order to Supervising Deputy Attorney General Lawrence Bragg, and a copy of this Order to ADR Coordinator Sujean Park.

*Remainder of This Page Intentionally Left Blank*

6. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* L.R. 182(f).

IT IS SO ORDERED.

Dated:   **October 20, 2025**

_____
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    NATHANIEL REESE,                         Case No. 1:24-cv-00401-CDB (PC)

12                     Plaintiff,              NOTICE REGARDING EARLY
                                               SETTLEMENT CONFERENCE
13           v.

14    H. AGBAYANI,

15                     Defendant.

16

17      1.   The party or counsel agrees that an early settlement conference would be productive and

18           wishes to engage in an early settlement conference.

19                  Yes _____            No _____

20

21      2.   Plaintiff (check one):

22                  _____ would like to participate in the settlement conference in person.

23                  _____ would like to participate in the settlement conference by telephone or video

24                  conference.

25

26    Dated:

27                                             _____

28                                             Signature
                                               Plaintiff or Counsel for Defendant